IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| EUGENE FORD,<br><br>      Plaintiff,<br><br>  vs.<br><br>REGINALD MICHAEL, et al.,<br><br>     Defendants. | CV 18-00060-H-BMM-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Eugene Ford's Complaint alleging his rights under the Fifth, Eighth, and Fourteenth Amendments were violated when he was recommended for various treatment programs and when he was asked to complete a MORRA-PIT (Montana Offender Reentry & Risk Assessment System-Prison Intake Tool) questionnaire.  (Complaint, Doc. 2.)  The Complaint fails to state a federal claim upon which relief may be granted and therefore this matter should be dismissed.

## I.  STATEMENT OF THE CASE

### A.     Parties

Plaintiff Eugene Ford is proceeding in forma pauperis and without counsel. He is incarcerated at the Montana State Prison (MSP) in Deer Lodge, Montana.

1

The named Defendants are:  Mike Batista, Mike Mahoney, LeRoy Kirkegard, Jim MacDonald, Mike Fletcher, Bill Slaughter, Edmund Sheehy, Blair Hopkins, Billie Riche, Toni Barclay, Chris Conell, Roxann Weiger, Ammie Daniels, Lorain Wodnik, Monigue Miller, Amy Griffith, E. Bleeker, B. McDonough, and Kenny Neubauer.  (Complaint, Doc. 2 at 1-2.)

### B.  Allegations

The Court discerns three general allegations from Mr. Ford's Complaint. First, he contends that in April 2000 he was assigned to participate in sex offender treatment even though he was not accused of or convicted of a sex crime.  Second, Mr. Ford complains that he has been expected to take treatment programs which he is not supposed to take since he has been sentenced to life without the possibility of parole.  Third, Mr. Ford alleges he was asked to complete a MORRA-PIT questionnaire regarding his past that he did not want to do.

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A.  Standard

Because Mr. Ford is a prisoner proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is

2

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the

complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 679, 681.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability.  *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief.  *Iqbal*, 556 U.S. at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."  *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardu*, 551 U.S. 89, 94

4

(2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B.  Analysis

Mr. Ford raises his claims under the Fifth Amendment, the Fourteenth Amendment, and the Eighth Amendment.  The Fifth Amendment due process clause, however, "only applies to the federal government."  *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (citations omitted).  Mr. Ford's Fifth Amendment claims should therefore be dismissed.

The Court will analyze Mr. Ford's claims under the Fourteenth Amendment and the Eighth Amendment.

### 1.  Eighth Amendment

Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates."  *Farmer v. Brennan*, 511 U.S. 825, 832-3 (1994)(collecting cases) (citations omitted).  Requiring Mr. Ford to take programing classes does not rise to the level of the denial of "the minimal civilized measure of life's necessities."  *Farmer*, 511 U.S. at 834 (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ).  "The Constitution 'does not mandate comfortable prisons' " and while it does not "permit inhumane ones,"

5

nothing Mr. Ford alleges in his Complaint rises to the level of an "objectively, sufficiently serious" deprivation such that it would constitute cruel and unusual punishment. *Id*. at 832, 834. Mr. Ford's allegations of Eighth Amendment violations fail to state a claim.

### 2. Fourteenth Amendment Due Process

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a protected liberty interest and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459–60 (1989). Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. *Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976). The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84

6

(1995).  Liberty interests created by state law are generally limited to freedom

from restraint which "imposes atypical and significant hardship on the inmate in

relation to the ordinary incidents of prison life."  *Id.* at 484.

The Court construes three potential due process claims:  (1) requiring Mr.

Ford to take sex offender treatment; (2) requiring him to take other treatment

programs; and (3) asking him to participate in a MORRA-PAT questionaire.

Mr. Ford's first claim regarding the alleged requirement that he take sex

offender treatment is barred by the applicable statute of limitations.  The United

States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the

applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is

the state statute of limitations governing personal injury actions.  In Montana, that

period is three years after the action accrues.  Mont. Code. Ann. § 27-2-204(1).

Mr. Ford's Complaint is dated April 19, 2018, therefore all claims accruing

prior to April 19, 2015 are barred by the applicable statute of limitations.  Mr.

Ford indicates he was recommended for sex offender groups on April 10, 2000.

(Complaint, Doc. 2 at 11.)  But on July 21, 2004, Blair Hopkins wrote to Mr. Ford

and told him that he had been deemed inappropriate for sex offender treatment on

April 11, 2000.  In addition, a classification summary dated August 3, 2004

attached to the Complaint indicates that Mr. Ford was non-compliant with

treatment programs because he refused chemical dependency and CP&R but that

no SOP (sex offender treatment) was recommended per screening on April 11,

2000.  (Doc. 2-2 at 9.)

Concerns regarding any alleged recommendation for sex offender treatment

in 2000 should have been raised long ago.  These claims are barred by the

applicable statute of limitations.

Mr. Ford also complains that he has been recommended to take other

treatment programs such as chemical dependency, CP&R, and anger management.

The Court cannot conceive how the requirement that he take treatment programs

rises to the level of a protected liberty interest.  There is no allegation that these

programs impose an 'atypical and significant hardship on the inmate in relation to

the ordinary incidents of prison life.'"  *Brown v. Oregon Dept. of Corrections*, 751

F.3d 983, 987 (9th Cir. 2014)(*quoting Sandin*, 515 U.S. at 484).

Finally, Mr. Ford complains that he has been asked to complete a MORRA-

PIT questionnaire.  According to the exhibits attached to the Complaint, "the

MORRA is an evidence based tool that has been adopted by the Department to

guide staff in development of the case plan for each offender."  (MDOC Deputy

Director Wodnik's July 24, 2017 letter to Mr. Ford, Doc. 2-2 at 25.)  Mr. Ford was

advised on several occasions that participation in MORRA-PIT was voluntary and

he could refuse to provide information.  (Doc. 2-2 at 25.)  Mr. Ford cannot

establish how a request to participate in a voluntary program imposed an atypical

and significant hardship on him in relation to the ordinary incidents of prison life.

*See Brown*, 751 F.3d at 987.

## III.  CONCLUSION

The Court has considered whether Mr. Ford's Complaint is frivolous,

malicious, fails to state a claim, or seeks solely monetary relief from a defendant

who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  Mr. Ford's allegations

fail to state a plausible claim upon which relief may be granted.

For the reasons set forth above, the Court finds that the deficiencies set forth

here could not be cured by the allegation of additional facts.  *See* Fed. R. Civ. P

12(b)(6); *Iqbal*, 556 U.S. at 678.  Amendment would be futile because any new

facts consistent with the complaint could not cure the deficiencies identified in the

complaint.  *Schreiber Distrib. Co. V. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393

(9th Cir. 1986).  The Court therefore recommends that the case be dismissed

without leave to amend and with prejudice for failure to state a claim.  *Rutman*

*Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of

leave to amend is not an abuse of discretion where the pleadings before the court

demonstrate that further amendment would be futile.").

9

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED for failure to state a federal claim.

2.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the Complaint lacks arguable substance in law or fact.

4.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Ford failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ford may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made

timely file written objections may bar a de novo determination by the district judge

and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 8th day of November, 2018.


_/s/ John Johnston_____
John Johnston
United States Magistrate Judge

---

under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise
expire under Rule 6(a)."  Therefore, since Mr. Ford is being served by mail, he is
entitled an additional three (3) days after the period would otherwise expire.