IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| EUGENE FORD,<br><br>    Plaintiff,<br><br>vs.<br><br>REGINALD MICHAEL, et al.,<br><br>    Defendants. | **CV-18-60-H-BMM-JTJ**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Plaintiff Eugene Ford ("Mr. Ford"), a state prisoner proceeding without counsel, alleges that his rights under the Fifth, Eighth, and Fourteenth Amendments were violated when he was recommended for various treatment programs and when he was asked to complete a MORRA-PIT (Montana Offender Reentry & Rsk Assessment System-Prison-Intake Tool) questionnaire. (Doc. 2). United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on November 8, 2018. (Doc. 6). Judge Johnston recommended that this matter be dismissed for failure to state a federal claim upon which relief may be granted. *Id.* at 10.

Judge Johnston determined first that Mr. Ford's Fifth Amendment due process claim is inapplicable because the Fifth Amendment "only applies to the

1

federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008); (Doc. 6 at 5). Mr. Ford's allegations are against the State of Montana, therefore, Mr. Ford's claims under the Fifth Amendment were correctly dismissed.

Judge Johnston determined further that Mr. Ford's Eighth Amendment allegations should be denied. (Doc. 6 at 5). Judge Johnston found that requiring Mr. Ford to take programming classes did not rise to the level of a denial of "the minimal civilized measure of life's necessities" required for an Eighth Amendment claim. *Farmer v. Brennan*, 511 U.S. 825, 832-3 (1994); (Doc. 6 at 5).

Judge Johnston similarly recommends that Mr. Ford's Fourteenth Amendment claims be dismissed because the claims are barred by the applicable statute of limitations. (Doc. 6 at 8). Mr. Ford complains of having been required to take sex offender treatment in the year 2000. The statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is three years. *Id.* at 7. All claims accruing prior to April 19, 2015, are therefore barred by the applicable statute of limitations.

The Court reviews de novo Findings and Recommendations timely objected to. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations not specifically objected to. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to

engage the district court in a rehashing of the same arguments set forth in the original response, however, the Court will review for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Mr. Ford timely filed objections to Magistrate Judge Johnston's Findings and Recommendations. (Doc. 7). These objections attempt to engage the Court in a debate of the same arguments that Judge Johnston addressed in the Findings and Recommendations. (Doc. 6). Mr. Ford's objections simply restate what Judge Johnston already addressed and the Court finds no clear error in Judge Johnston's Findings and Recommendations. *Id.*

## **ORDER**

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 6) are **ADOPTED IN FULL**.

It is **ORDERED** that this matter be **DISMISSED** for failure to state a federal claim.

The Clerk of the Court is directed to close this matter and enter judgement in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of the Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable

person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

The Clerk of the Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Ford failed to state a claim upon which relief may be granted.

DATED this 29th day of January, 2019.

Brian Morris
United States District Court Judge